## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATHLEEN CRANDALL and MICHAEL CRANDALL, | : : : | Civil No. 3:22-CV-01843 |
| Plaintiffs, | : : | |
| v. | : : | |
| CLINTON BALLOU and G&C FOOD DISTRIBUTERS & BROKERS, INC., | : : : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## <u>MEMORANDUM</u>

Before the court is a motion to dismiss and strike the punitive damages claim pursuant to Federal Rules of Civil Procedure 12(b)(6) and (f) filed by Defendants Clinton Ballou ("Ballou") and G&C Food Distributors & Brokers, Inc. ("G&C Foods") (collectively, "Defendants"). (Doc. 7.) The court finds that it is premature and inappropriate to dismiss the punitive damages claim alleged in the complaint. The court also finds that Plaintiffs Kathleen Crandall ("Ms. Crandall") and Michael Crandall ("Mr. Crandall") (collectively, "Plaintiffs") sufficiently pleaded enough facts to survive the motion to strike. For the reasons that follow, the motion is denied.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This action was brought by Plaintiffs to recover damages resulting from a motor vehicle accident involving the collision of Ballou's truck with Plaintiff Kathleen Crandall's vehicle. According to allegations in the complaint, at

approximately 6:07 A.M. on January 20, 2021, Ballou and Ms. Crandall were
driving northbound on Interstate 81 ("I-81") in the area of mile marker 22 in Great
Bend, Susquehanna County, Pennsylvania.  (Doc. 1, ¶¶ 7–8.)  Due to inclement
weather conditions, Ms. Crandall was operating her 2014 Jeep Patriot below the
speed limit in the right lane of travel.  (*Id.* ¶¶ 9, 10.)  Ballou attempted to pass Ms.
Crandall, causing his truck to collide with the rear end of her vehicle and propel
her vehicle forward and off the roadway.  (*Id.* ¶ 11.)

The complaint alleges that Ballou was charged with violating Section 3310A
of the Pennsylvania Motor Vehicle Code as a result of the accident, and that the
accident was the result of carelessness, negligence, and recklessness of Defendants.
(*Id.* ¶¶ 12–13.)  The accident purportedly caused Ms. Crandall to sustain injuries,
including neck pain, left shoulder pain, cervical disc herniation and bulging,
cervical spondylosis, cervical radiculopathy, and emotional distress.  (*Id.* ¶ 13.)
According to the complaint, Ms. Crandall has obtained medical care and treatment
from various providers, and she has suffered and continues to suffer a loss of
earning capacity and power.  (*Id.* ¶ 15.)

Ms. Crandall has also purportedly been informed that her injuries "are of a
continuing and permanent nature and that she will continue to suffer and require
additional medical care and treatment from time to time."  (*Id.* ¶17.)  Ms. Crandall

has also been informed that she may be required to spend various sums of money and incur various expenses for treatment of her injuries in the future.  (*Id.* ¶ 18.)

Plaintiffs filed a complaint against Defendants on November 11, 2022. (Doc. 1.)  In the complaint, Ms. Crandall alleges a negligence claim against Defendants, and Mr. Crandall alleges a loss of consortium claim against Defendants.  (*Id.* ¶¶ 20–23.)  Defendants filed the instant motion to dismiss/motion to strike on January 1, 2023, asserting that Plaintiffs' claim for punitive damages fail to state a claim under Federal Rule of Civil Procedure 12(b)(6).  (Doc. 7.) Defendants also moved to strike certain portions of the complaint under Rule 12(f). (*Id.*)  Defendants filed their brief in support on January 3, 2023.  (Doc. 8.) Plaintiffs filed their brief in opposition on January 9, 2023.  (Doc. 10.)  No reply brief was filed.  Thus, this motion is ripe for review.

## JURISDICTION

This court has jurisdiction under 28 U.S.C. § 1332 as the parties have complete diversity and the amount in controversy exceeds $75,000.  Venue is appropriate pursuant to 28 U.S.C. § 1391 because the events detailed in the complaint occurred within the Middle District of Pennsylvania.

**STANDARD OF REVIEW**

### A. Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).  "Conclusory allegations of liability are insufficient" to survive a motion to dismiss.  *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79).  To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief."  *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

### B. Motion to Strike Under Federal Rule of Civil Procedure 12(f)

Under Federal Rule of Civil Procedure 12(f), a party can move a district court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."  This rule is "designed to reinforce the requirement in Rule

4

8 . . . that pleadings be simple, concise, and direct."  5C CHARLES ALAN WRIGHT &

ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1380 (3d ed. 2020

update).  To that end, the purpose of any motion to strike should be to "clean up

the pleadings, streamline litigation, and avoid the unnecessary forays into

immaterial matters." *United States v. Educ. Mgmt. Corp.*, 871 F. Supp. 2d 433, 460

(W.D. Pa. 2012) (citation omitted).

Motions to strike should not be used to persuade a court to determine

disputed questions of law.  *See Tonka Corp. v. Rose Art Indus., Inc.*, 836 F. Supp.

200, 218 (D.N.J. 1993) (citations omitted).  They also "may not serve as an avenue

to procure the dismissal of all or part of a complaint."  *Davila v. N. Reg'l Joint*

*Police Bd.*, 979 F. Supp. 2d 612, 624 (W.D. Pa. Oct. 21, 2013), vacated in part on

reconsideration, 2014 WL 3735631 (3d Cir. July 28, 2014) (citing *Giles v. Phelan,*

*Hallinan & Schmieg, L.L.P.*, 901 F. Supp. 2d 509, 530–31 (D.N.J. 2012)).

The burden rests with the moving party to show that the challenged matter

should be stricken.  *In re Ry. Indus. Emp. No-Poach Antitrust Litig.*, 395 F. Supp.

3d 464, 496 (W.D. Pa. 2019).  Thus, the movant must demonstrate that the matter

falls within one of the categories listed in Rule 12(f).  "Immaterial" matter is that

which "has no essential or important relationship to [any] claim[s] for relief."

*Wagner v. Holtzapple*, 101 F. Supp. 3d 462, 488 (M.D. Pa. 2015) (citing *Del.*

*Health Care, Inc. v. MCD Holding Co.*, 893 F. Supp. 1279 (D. Del. 1995)).

"Impertinent" matter consists of "statements that do not pertain, and are not necessary, to the issues in question." *Id.* (citation omitted). And "scandalous" matter is that which "casts a derogatory light on someone, uses repulsive language, or detracts from the dignity of the court." *Id.* (citing *Carone v. Whalen*, 121 F.R.D. 231, 232 (M.D. Pa. 1988)).

<h1 style="text-align:center">DISCUSSION</h1>

In this case, Defendants argue that Plaintiffs' claim for punitive damages should be dismissed because Plaintiffs' allegations are insufficient to establish that Ballou acted with the requisite state of mind to support a claim for punitive damages. (Doc. 8, p. 3.)[1] Defendants also argue that Plaintiffs' language referring to "recklessness" should be stricken because Plaintiffs have not set forth a legally and/or factually sufficient basis to support a claim for punitive damages. (*Id.* at 5.) Finally, Defendants argue that references to Ballou's "charges" should be stricken because Plaintiffs have not indicated that there was a guilty plea or fine paid as a result of the violation. (*Id.* at 6.) The court will address each argument successively.

## A. Defendants' Motion to Dismiss Plaintiffs' Punitive Damages Claim will be Denied.

Defendants argue that Plaintiffs' punitive damage claim should be dismissed under Rule 12(b)(6) because Plaintiffs' allegations are insufficient to establish that

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

Ballou acted with the evil motive or reckless indifference necessary to support a claim for punitive damages. (Doc. 8, p. 3.)

In Pennsylvania, punitive damages are available as a remedy in negligence actions where "(1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk." *See Hutchison ex rel. Hutchison v. Luddy*, 582 Pa. 114, 870 A.2d 766, 772–73 (Pa. 2005).[2] This remedy is only available "in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct." *Id.* at 770.

The court notes that it is rare to dismiss a claim for punitive damages in motor vehicle accident cases at the outset of litigation. *See, e.g., Alexander v. W. Express*, No. 1:19-CV-1456, 2019 WL 6339907, at *9 (M.D. Pa. Oct. 18, 2019), *report and recommendation adopted*, No. 1:19-CV-1456, 2019 WL 6327688 (M.D. Pa. Nov. 26, 2019). Further, courts have generally deemed these motions to dismiss as premature and inappropriate where the complaint alleges reckless conduct. *See, e.g.*, *Harvell v. Brumberger*, No. 3:19-cv-2124, 2020 WL 6947693, at *8 (M.D. Pa. Nov. 4, 2020).

In the case at bar, Plaintiffs allege recklessness, which is generally sufficient to avoid dismissal at this stage. (Doc. 1, ¶ 21.) Further, because an individual's

---

[2] Because the accident occurred in Pennsylvania, the court applies Pennsylvania law.

state of mind usually determines whether an award of punitive damages is warranted, it would be premature to dismiss a punitive damages claim at the outset of litigation. *See Harvell*, 2020 WL 6947693 at *8 ("[B]ecause the question of whether punitive damages are proper often turns on the defendants' state of mind, this question frequently cannot be resolved on the pleadings alone but must await the development of a full factual record at trial.") (citing *In re Lemington Home for the Aged*, 777 F.3d 620, 631 (3d Cir. 2015)).  For these reasons, Defendants' motion to dismiss the punitive damages claim will be denied.

## B. Defendants' Motion to Strike the Allegations of Recklessness will be Denied.

Defendants also contend that any reference to the Ballou's "recklessness" should be stricken as redundant, immaterial, impertinent, or scandalous under Rule 12(f) because this reference is immaterial without a punitive damages claim.  (Doc. 8, p. 6.)  Contrary to Defendants' contentions, Plaintiffs argue that they have pleaded sufficient facts to support a claim for punitive damages and to show that Ballou was operating his large truck recklessly at the time of the collision.  (Doc. 10, p. 12.)

A defendant acts recklessly when "his conduct creates an unreasonable risk of physical harm to another [and] such risk is substantially greater than that which is necessary to make his conduct negligent."  *Phillips v. Cricket Lighters*, 584 Pa. 179, 883 A.2d 439, 445 (Pa. 2005).  In the present case, Plaintiffs allege that

Ballou failed to, *inter alia*, have his vehicle under proper control, account for inclement weather conditions, take precautions to avoid striking Ms. Crandall's vehicle, and operate his vehicle in a careful manner when approaching Ms. Crandall's vehicle from the rear. (Doc. 1, ¶ 21(a), (c), (i), (j).) Plaintiffs also allege that Ballou acted recklessly as an agent, servant, workman, and/or employee of G&C Foods. (Doc. 1, ¶ 21.) These allegations are not immaterial, but rather are sufficient to allege reckless behavior of Ballou as an agent of G&C Foods. Therefore, the court will deny the motion to strike the paragraphs and subparagraphs referencing recklessness.

### C. Defendants' Motion to Strike Paragraph 12 will be Denied.

Finally, Defendants contend that paragraph 12 of the complaint, referencing Ballou being "charged" for following too closely, should be stricken under Rule 12(f) pursuant to 42 Pa. C.S.A. § 6142. (Doc. 8, p. 5.) The disputed paragraph of the complaint asserts: "Upon information and belief, as a result of the above-described collision, the Defendant, Clinton Ballou Gillis [sic], was charged with violating Section 3310A of the Pennsylvania Motor Vehicle Code, relating to Following too Closely." (Doc. 1, ¶ 12.) Specifically, Defendants point to section 6142(1), which provides:

> A plea of guilty or nolo contendere, or a payment of the fine and costs prescribed after any such plea, in any summary proceeding made by any person charged with a violation of Title 75 (relating to vehicles)

shall not be admissible as evidence in any civil matter arising out of the
same violation under the same facts and circumstances.

42 Pa. C.S.A. § 6142(a).  Defendants argue that any mention of a defendant's

"charges," whether or not the defendant had pleaded guilty or paid a fine, would be

inadmissible as scandalous, immaterial, or impertinent.  (Doc. 8, p. 5.)   Therefore,

in Defendants' view, paragraph 12 should be stricken.  (*Id.*)  Plaintiffs contend that

they are entitled to discovery related to the motor vehicle citation issued to Ballou

as a result of the collision at issue.  (Doc. 10, p. 15.)

     In support of their reading of section 6142(a), Defendants cite to *Compton v.

Schweikhard*, in which the court granted a motion in limine to preclude evidence of

citations issued or fines paid.  *Compton v. Schweikhard*, 3:06-CV-78, 2007 U.S.

Dist. LEXIS 109784, at *12–13 (M.D. Pa. Oct. 12, 2007).  The court applied the

balancing test under Federal Rule of Evidence 403, which instructs that evidence

of traffic code violations may be excluded "if its probative value is substantially

outweighed by the danger of unfair prejudice or if such evidence is misleading to

the jury."  *Id.* at *13; *see also* FED. R. EVID. 403.  The court in *Compton* found that

evidence of traffic citations or fines is inadmissible "because of the unreliability of

such evidence and its prejudicial effect[,]" noting that the legislature at the time

section 6142 was enacted "did not view the conviction or payment of a traffic

citation as reliable evidence in civil motor vehicle cases."  *Compton*, 2007 U.S.

Dist. LEXIS 109784 at *13.

Conversely, Plaintiffs cite to *Grosek v. Panther Transportation, Inc.* and *Allen v. Fletcher*, two cases in which the court allowed traffic citations to be admitted as evidence after motions in limine were filed to preclude the evidence of the traffic citations.  (Doc. 10, pp. 13–15.)  In both cases, the court conceded that evidence of a traffic citation is not admissible in a civil case under Pennsylvania law.  *Grosek v. Panther Transp., Inc.*, No. 3:07-cv-1592, 2009 U.S. Dist. LEXIS 27372, at *12–13 (M.D. Pa. Apr. 1, 2009); *Allen v. Fletcher*, No. 3:07-cv-722, 2009 U.S. Dist. LEXIS 88069, at *5–8 (Pa. M.D. Sept. 24, 2009).  However, these cases, as well as the present case, are governed by *federal* law rather than Pennsylvania law.  A federal court must apply state substantive law, but may apply federal procedural law.  *Grosek*, 2009 U.S. Dist. LEXIS 27372 at *13.  In both *Grosek* and *Allen*, the court found that the issue of whether to admit a traffic citation is procedural.  *Grosek*, 2009 U.S. Dist. LEXIS 27372 at *14 (citing *Rain v. Pavkov*, 357 F.2d 506, 509 (3d Cir. 1962)); *Allen*, 2009 U.S. Dist. LEXIS 88069 at *5–6.  Thus, under the Federal Rules of Evidence, the two questions that must be considered are: "1) is evidence of the guilty pleas to traffic citations inadmissible hearsay, and 2) does it violate the balancing test of Rule 403."  *Allen*, 2009 U.S. Dist. LEXIS 88069 at *6.

The Third Circuit Court of Appeals and district courts within the Third Circuit have found at the motion in limine stage that traffic citations and charges

are admissible as evidence under exceptions to the rule against hearsay.  *Rain*, 357 F.2d at 510 (finding that a guilty plea to a reckless driving charge was admissible as a statement against interest); *Grosek*, 2009 U.S. Dist. LEXIS 27372 at *14 (finding that a guilty plea to a traffic citation was admissible as an exception to the rule against hearsay); *Allen*, 2009 U.S. Dist. LEXIS 88069 at *7 (finding that a guilty plea to a traffic citation was admissible "as an admission of a party opponent and therefore not hearsay.").  Accordingly, this court finds that evidence of Ballou's charge for violating the Pennsylvania Motor Vehicle Code could be admissible as an exception to the rule against hearsay at trial.[3]

Because the charges could be admissible as an exception to the rule against hearsay, the final analysis is the Rule 403 balancing test.  Under the Rule 403 balancing test, the court weighs whether the probative value of a traffic citation or charge "is substantially outweighed by the danger of unfair prejudice."  FED. R. EVID. 403.  This court agrees with the reasoning in *Allen* that there could be high probative value to the traffic violation charges at trial, and that, "[w]hile there is some chance for unfair prejudice, it does not rise to the level of 'substantially outweighing' the probative value."  *Allen*, 2009 U.S. Dist. LEXIS 88069 at *7.  Further, this court has noted that evidence of a traffic citation is "more probative

---

[3] The court is not ruling on an evidentiary trial issue at this time.  The court simply states the possibility that the Pennsylvania Motor Vehicle Code violation could be admissible at trial.

than prejudicial" when presented with the issue of whether to admit evidence of a traffic citation at the motion in limine stage. *Coldsmith v. Agency Ins. Co.*, 556 F. Supp. 3d 445, 453 (Pa. M.D. 2021).

Therefore, this court finds that the Rule 403 balancing test would likely weigh in favor of admitting the references the Ballou being "charged" with a traffic violation at trial.[4]  Although the case law cited reflects court findings at the motion in limine stage, the court finds that reference to a traffic charge or citation is not "redundant, immaterial, impertinent, or scandalous" because evidence of that charge or citation could be admissible at a later stage in this litigation. *See* FED. R. CIV. P. 12(f).  Accordingly, Defendants' motion to strike paragraph 12 will be denied.

---

[4] Again, the court is not making an evidentiary ruling at this time.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss any claim for punitive damages, strike any language related to recklessness, and strike paragraph 12 from Plaintiffs' complaint will be denied.  (Doc. 7.)  An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: April 27, 2023